McKinney, J.,
delivered the opinion of the court.
At the October Term 1848, of the circuit court of DeKalb, a presentment was made against the defendant in error, for selling spirituous liquors to a slave, contrary to the statute.
To this presentment he plead, in abatement, “ that Gilbert *223 Williams, who signed said presentment, at the October Term as aforesaid, was not one of the lawfully constituted grand jurors at the Term said presentment was made against him, to-wit, at the said October Term of said court 1848, and as such grand juror aforesaid elected, empanneled, sworn and charged to enquire for the body of the county aforesaid,” &c. This plea was replied to by the Attorney General, and to the replication the defendant demurred. The court adjudged that the demurrer be sustained, and the defendant be discharged. From which judgment the Attorney General appealed in error to this court, or behalf of the State.
The question upon this record is, not whether the replication is demurrable — for that perhaps. admits of no serious question ; but whether the plea in abatement be a good one : if not, the demurrer to the replication, which looks through all the previous pleadings, will reach its defects.
Pleas in abatement are not favored in law. They are construed with much strictness, and must possess the highest degree of certainty known to the law, in every particular. They must exclude, by proper allegations and averments, every legal intendment, or conclusion, that might otherwise have been made against them by the court. Testing the plea in question by these principles, it is wholly insufficient. The substance of the plea is, that one of the persons who signed the presentment was not a “ lawfully constituted grand juror.” This allegation imports nothing more than that he did not possess the qualifications required by law. But in what respect he was not qualified, is not stated. And we are bound tc presume, in favor of the regularity of the proceedings of the circuit court, that on trial, by the court, he was found legally qualified.
But in looking beyond the plea, to the allegations of the replication, and to other portions of the record, it appears that the foundation of the plea, is a supposed variance be *224 tween the Christian name of the juror as signed to the presentment, and as given in the entry upon the record setting forth and showing the empanneling of the grand jury. In the' entry of record, the name of the juror appears to be Gilbert Williams. Iiow this matter occurred, -whether by mistake on the part of the clerk, or in signing the name to the presentment which is not always done by the juror himself, and whether the supposed variance really exists, or is apparent merely, from the illegible character of the hand writing, are enquiries wholly unimportant at present. For if contrary to our impressions such apparant variance could be made available, as the subject matter of a plea in abatement, itis enough to say that the plea in .this case is not so framed as to present that question.
It follows that the judgment of the circuit court, in sustaining the demurrer, is erroneous and will be reversed.